# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET** |
| **VERSUS** | **No. 07-408** |
| **LAWRENCE T. HONORE** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence filed by defendant, Lawrence T. Honore ("petitioner").[1] For the following reasons, the motion is **DENIED** and Honore's application is **DISMISSED WITH PREJUDICE**.

### *BACKGROUND*

On April 18, 2008, petitioner pled guilty to a superseding bill of information.[2] Count 1 of the bill of information charged him with conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).[3] Count 2 of the bill of information, filed pursuant to the requirements of 21 U.S.C. § 851(a), alleged that petitioner pled guilty on or about August 7, 2007, to attempted possession of cocaine, in violation of La. R.S. 40:979 and 967(F)(1), a felony drug offense, that petitioner was sentenced to a term of imprisonment of two years, and that petitioner's conviction was final.[4]

As a result of the felony drug conviction described in Count 2 of the bill of information, petitioner faced a mandatory minimum sentence of twenty years for the conduct charged in

---

[1] R. Doc. No. 154.
[2] R. Doc. No. 87.
[3] R. Doc. No. 66.
[4] R. Doc. No. 66.

1

Count 1. At his re-arraignment hearing, the Court and counsel, at four different times throughout the hearing, informed petitioner that his guilty plea exposed him to a mandatory minimum sentence of twenty years.[5] Petitioner, while under oath, informed the Court that he understood the charges against him and understood that if he pleaded guilty, he faced a mandatory minimum sentence of twenty years.[6]

At the re-arraignment hearing, the government introduced into evidence a factual basis, signed by petitioner, stating that petitioner was engaged in a conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base.[7] The factual basis also contained a stipulation wherein petitioner admitted that he had a valid prior felony conviction for attempted possession of cocaine, in violation of La. R.S. 40:979 and 967.[8] Under questioning by the Court, petitioner conceded that he did the acts contained within the factual basis and that the U.S. Attorney's statements concerning the factual basis were correct.[9] Petitioner also admitted to the prior conviction set forth in Court 2.[10]

Prior to entering his guilty plea, petitioner executed a plea agreement in exchange for the government's promise not to charge petitioner with having two prior felony drug convictions which would have exposed petitioner to a mandatory life sentence,[11] he agreed to plead guilty to the superseding bill of information and truthfully cooperate with law enforcement. Additionally, petitioner agreed to waive his right to appeal or collaterally attack his conviction and/or his sentence as set forth in the plea agreement:

---

[5] See R. Doc. No. 174, pp. 12, 13, 18-19, and 21.
[6] R. Doc. No. 174, pp. 12-13, 21-22.
[7] R. Doc. No. 174, pp. 22-28.
[8] R. Doc. No. 174, p. 28-30.
[9] R. Doc. No. 174, p. 30. Petitioner stated that he was sentenced to a term of probation rather than imprisonment. Other than that correction, however, petitioner conceded that the facts stated in Count 2 of the superseding bill of information were correct. Id. at pp. 32-33.
[10] R. Doc. No. 174, p. 30.
[11] R. Doc. No. 92, p. 2.

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Section 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, or any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.[12]

Prior to accepting petitioner's guilty plea, the Court questioned defendant concerning his understanding of the waiver.[13] Petitioner acknowledged that he read the plea agreement, that he understood its terms, and that he was aware of and understood the meaning of the waiver of post-conviction and appellate rights.[14]

On August 28, 2008, the Court sentenced petitioner to the mandatory minimum sentence of twenty years with respect to Count 1 of the superseding bill of information.[15] Petitioner did not file a direct appeal of his sentence, but on March 9, 2009, petitioner filed this motion to vacate pursuant to 28 U.S.C. § 2255.[16]

Petitioner alleges that his conviction should be vacated because: (1) counsel never advised petitioner that he faced a mandatory minimum sentence of 20 years; (2) petitioner never received a copy of the "21 U.S.C. § 851(a) notice of enhancement;" (3) petitioner was never given an opportunity to affirm, deny, or challenge his prior drug conviction which was used to enhance his sentence; (4) counsel failed to file objections to the conviction listed in Count 2 of

---

[12] R. Doc. No. 92.
[13] R. Doc. No. 174, p. 19.
[14] R. Doc. No. 174, pp. 18-19.
[15] R. Doc. No. 128.
[16] R. Doc. No. 154.

3

the superseding bill of information (5) counsel failed to file a notice of appeal; and (6) counsel failed to otherwise preserve the record for appeal.

## STANDARD OF LAW

### I. Overview of 28 U.S.C. § 2255

Title 28, United States Code, Section 2255(a) allows a prisoner to attack his sentence: (1) if it was imposed in violation of the Constitution or laws of the United States; (2) if a court was without jurisdiction to impose such sentence; (3) if the sentence was in excess of the maximum authorized by law; or (4) if the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

Pursuant to § 2255, the Court must grant the defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). If the court determines that the prisoner is entitled to relief, "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### II. Ineffective Assistance of Counsel

The standard for judging the performance of counsel was established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court established a two-part test for evaluating claims of ineffective assistance of counsel that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. Strickland, 466

U.S. at 697. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." Id. at 688. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see also United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will 'indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." Moore v. Johnson, 194 F.3d 586, 591 (5th Cir. 1999) (citing Strickland, 466 U.S. at 689). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. Strickland, 466 U.S. at 689; Neal v. Puckett, 286 F.3d 230, 236-37 (5th Cir. 2002). "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 701 (2002) (citing Strickland, 466 U.S. at 689). Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. Strickland, 466 U.S. at 689.

The second prong of the Strickland test looks to the prejudice caused by counsel's deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." United States v. Mullins, 315 F.3d 449, 456 (5th Cir. 2002) (quoting Strickland, 466 U.S. at 687). "[T]he defendant must

5

show that counsel's errors were prejudicial and deprived defendant of a 'fair trial, a trial whose result is reliable.'" United States v. Baptiste, No. 98-207, 2007 U.S. Dist. LEXIS 21388, at *11 n.6 (E.D. La. Mar. 26, 2007) (Engelhardt, J.) (quoting Strickland, 466 U.S. at 687). "This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors." Id.

In Hill v. Lockhart, the United States Supreme Court held that the two-part Strickland standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. 52, 58 (1985). With respect to the prejudice prong of Strickland, defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (quoting Lockhart, 474 U.S. at 59).

### III. Waiver of § 2255 Rights

The Fifth Circuit has held that a defendant may waive his right to post-conviction relief pursuant to 28 U.S.C. § 2255 if the waiver was knowing and voluntary. United States v. White, 307 F.3d 336, 341 (5th Cir. 2002) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)); see also United States v. Hernandez, 234 F.3d 252, 254 (5th Cir. 2000). For the waiver to be knowing and voluntary, the defendant must know that he had a right to seek collateral review and that he was giving up that right. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (discussing waiver of appellate rights).

A claim of ineffective assistance of counsel may survive a waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself. White, 307 F.3d at 343.[17]

---

[17] Additionally, a waiver cannot be enforced to bar review of a sentence that exceeds the statutory maximum or where the defendant correctly contends that the indictment clearly does not state an offense or where the factual basis for the plea agreement does not show that the defendant committed an offense. White, 307 F.3d at 341, n.2; United States v. Hollins, 97 Fed.App'x 477, 479 (5th Cir. 2004).

A claim of ineffective assistance of counsel, cannot overcome a knowing and voluntary plea or waiver. Id. at 341-43; United States v. McCray, No. 07-194, 2009 WL 1380304, at *4 (E.D.La. May 13, 2009) (Barbier, J.); United States v. James, No. 05-059, 2007 WL 2323385, at *6 (E.D.La. Aug. 10, 2007) (Vance, J.)("If a petitioner cannot establish that ineffective assistance of counsel rendered his plea unknowing or involuntary, then his waiver bars him from challenging other stages of the proceedings against him."). Therefore, as long as the plea and the waiver themselves were knowing and voluntary and the contested issue is the proper subject of waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." White, 307 F.3d at 343-44.

*DISCUSSION*

I. **Validity of the Guilty Plea**

Petitioner contests the validity of his guilty plea by arguing that that he never received a copy of the notice of sentencing enhancement required by 21 U.S.C. § 851, was not given an opportunity to affirm or deny the prior conviction, and that the Court failed to inform petitioner that any challenge to a prior conviction that was not made prior to sentencing may not thereafter be raised to attack the sentence.[18] He also claims that counsel never informed him of the applicable mandatory minimum sentence that he might receive as a result of his guilty plea.[19]

For a guilty plea "[t]o be knowing and intelligent, the defendant must have 'a full understanding of what the plea connotes and of its consequences.'" Hernandez, 234 F.3d at 255 (citing Boykin v. Alabama, 395 U.S. 238, 244 (1969)). "The defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur." Id.; see also United States v. Pearson, 910 F.2d 221,

---

[18] R. Doc. No. 154, p. 17.
[19] R. Doc. No. 154, p. 15.

7

223 (5th Cir. 1990) ("Due process requires that a guilty plea be a knowing and voluntary act; the defendant must be advised of and understand the consequences of the plea."). With respect to sentencing, a defendant must only know the maximum term of imprisonment and fine that he faces. Pearson, 910 F.2d at 223. "As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." Id.

For a guilty plea to be "voluntary," it must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." Matthew v. Johnson, 201 F.3d 353, 365 (5th Cir. 2000) (quoting Brady v. United States, 397 U.S. 742, 450 (1970)). Petitioner has made no allegations suggesting that his plea was involuntary.

A. Petitioner's arguments with respect to 21 U.S.C. 851.

The Court will first address petitioner's allegations that he never received a copy of the notice of sentencing enhancement, never had an opportunity to affirm or deny the conviction used to enhance his sentence, and that the Court failed to inform petitioner that any challenge to a prior conviction that was not made prior to sentencing may not thereafter be raised to attack the sentence. Such allegations are belied by the record in this matter.

21 U.S.C. § 851(a)(1) provides: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." The government

complied with the notice requirements of § 851(a)(1) through the filing of the superseding bill of information. Count 2 of the superseding bill of information states:

> On or about August 7, 2007, the defendant, LAWRENCE HONORE a/k/a Terrell, pled guilty to attempted possession of cocaine, in violation of La. R.S. 40:979 and 967(F)(1), a felony drug offense, in the Orleans Parish District Court, under docket number 442-913 "A", and was sentenced to a term of imprisonment of two (2) years. This conviction is now final. Count 2 of this Superseding Bill of Information is filed **pursuant to the requirements of Title 21, United States Code, Section 851(a)**.[20]

At the re-arraignment hearing, petitioner acknowledged receiving and reading a copy of the superseding bill of information.[21] Following that, the Court summarized Count 2 of the superseding bill of information.[22] Accordingly, although petitioner now contends he never received the notice required by § 851(a), it is clear from the record that such claim has no merit.

Petitioner next alleges that the Court violated the requirements of 21 U.S.C. § 851(b) because the Court "failed to ask Petitioner if he affirmed or denied his previous convictions and failed to inform Petitioner that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."[23] Title 21, United States Code, Section 851(b) provides:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of

---

[20] R. Doc. No. 66, p. 2 (emphasis added).
[21] The Court inquired as follows:
  **THE COURT:** Sir, you're being charged by a Superseding Bill of Information. Have you received a copy of it?
  **THE DEFENDANT:** Yes, sir.
  **THE COURT:** Have you read it?
  **THE DEFENDANT:** Yes, sir.
R. Doc. No. 174, p. 4.
[22] Id. at 8.
  **THE COURT:** Now, Count 2 of the Superseding bill states in substance that on or about August 7, 2007, you pled guilty to attempted possession of cocaine in violation of Louisiana Revised Statute 40:979 and 967(F)(1), a felony drug offense, in the Orleans Parish District Court, and that you were sentenced to a term of imprisonment of two years. That conviction is now allegedly final.
[23] R. Doc. No. 154, p. 17.

9

sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Petitioner's claim pursuant to § 851(b) is also unsupported by the record. At the re-arraignment hearing, following the acceptance of petitioner's guilty plea to the superseding bill of information, petitioner affirmed that he had been previously convicted of the crime alleged in Count 2 of the superseding bill of information.[24] Although he clarified that he was sentenced to a term of probation rather than imprisonment, petitioner confirmed that he had been convicted as alleged in Count 2.[25] Additionally, the Court specifically informed petitioner that any challenges to his prior conviction that were not raised before sentencing would be waived.[26] Accordingly, petitioner's argument that the Court did not abide by the requirements of § 851(b) are also foreclosed by the evidence on the record.

---

[24] R. Doc. No. 174, pp. 32-33.
    **THE COURT:** Now, Mr. Honore, you're charged in Count 2 of the Superseding bill with a prior felony drug conviction. Count 2 of the Superseding Bill of Information states, in substance[,] that on or about August 7, 2007, you pled guilty to attempted possession of cocaine in violation of Louisiana Revised Statute 40:979 and 967(F)(1), a felony drug offense, in the Orleans Parish District Court, and you were sentenced to a term of imprisonment of two years. This conviction is now final. Now, were the facts contained in Count 2 correct?
    **THE DEFENDANT:** Yes, sir. Except I was sentenced to a two-year probation.
    . . .
    **THE COURT:** All right. For the purposes of this hearing[,] I'm going to assume that it is uncontested and that you were sentenced to a term of two years probation, is that correct?
    **[DEFENSE COUNSEL]:** Two years imprisonment.
    **THE COURT:** Two years imprisonment that was suspended. I'm sorry. That was suspended. Is that correct?
    **THE DEFENDANT:** Yes, sir.

[25] Id.

[26] R. Doc. No. 174, p. 33.
    **THE COURT:** All right. Do you understand that any challenges to your prior conviction that are not raised before your sentencing may not later be raised to attack your sentence in this case?
    **THE DEFENDANT:** Yes, sir.

B. <u>Petitioner's argument that he was unaware of the mandatory minimum sentence</u>.

Petitioner's allegation that his counsel never informed him that his guilty plea exposed petitioner to a mandatory minimum sentence of twenty years is without support. Even if counsel failed to inform petitioner of the mandatory minimum sentence applicable to his case, the record demonstrates the knowing and voluntary nature of petitioner's guilty plea. Petitioner signed the April 18, 2008, plea agreement which acknowledged that:

> The defendant has agreed to plead guilty to Count 1 of the superseding bill of information in which the defendant is charged with conspiracy to distribute 50 grams or more of cocaine base ("crack"), a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. The defendant has also agreed to admit to the prior drug conviction contained in Count 2 (multiple bill) of the superseding bill of information.
> The defendant has a prior felony drug conviction and understands that, as a result, the penalty he may receive should his plea of guilty be accepted as to Count 1 of the superseding bill of information is a **mandatory minimum term of twenty (20) years** up to life imprisonment and a fine of up to $8,000,000, pursuant to Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).[27]

As previously stated, during the re-arraignment hearing, the Court advised petitioner of the maximum possible penalties he faced as well as the mandatory minimum sentence applicable to his case. Petitioner confirmed that he understood that the Court could impose the maximum possible sentence as explained to him and that the Court would impose a mandatory minimum sentence of at least twenty years regardless of the guidelines calculation.[28] Petitioner confirmed

---

[27] R. Doc. No. 92, p. 1. (emphasis added).
[28] At the re-arraignment, the Court confirmed petitioner's understanding of the penalties he faced as follows:
**THE COURT:** Mr. Honore, the maximum possible sentence that could be imposed on you in the event of a conviction with respect to Count 1 of the Superseding Bill of Information, either upon a plea of guilty or after a trial at which you are found guilty is a maximum term of life imprisonment. A fine of not more than $8,000,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person, and a term of supervised release of not less than ten years.

Also a conviction with respect to this count carries with it a mandatory minimum term of not less than 20 years and that's because of the prior felony conviction.

11

that he understood that any discussions with his attorney regarding sentencing guidelines were merely rough estimates and that the Court was not bound by such discussions.[29] The Court explained the rights that petitioner was waiving by pleading guilty. Petitioner stated that he understood all of his rights and that he wanted to waive them by pleading guilty.[30]

---

. . .
Now, do you fully understand that if I accept your guilty plea that I can impose the maximum possible sentence I have just related to you?
**THE DEFENDANT:** Yes, sir.
**THE COURT:** Do you understand that if I accept your guilty plea you would be facing a mandatory minimum of no less than 20 years?
**THE DEFENDANT:** Yes, sir.
**THE COURT:** Okay. Have the sentencing guidelines applicable to your case been explained to you by your counsel?
**THE DEFENDANT:** Yes, sir.
. . .
**THE COURT:** Now, do you understand that your sentence will be somewhere between 20 years and life imprisonment? That I could give you the maximum sentence which is life imprisonment. Do you understand that?
**THE DEFENDANT:** Yes, sir.
**THE COURT:** No matter what the guidelines are?
**THE DEFENDANT:** Yes, sir.
 R. Doc. No. 174, pp. 12-13, 22.

[29] Id. at 20.
**THE COURT:** Do you understand that any discussion with your attorney or anyone else regarding sentencing guidelines are merely rough estimates and that the Court is not bound by those discussions?
**THE DEFENDANT:** Yes, sir.

[30] Id. at 14-16
**THE COURT:** I will now explain your rights that by pleading guilty you're waiving or giving up. You'd have a right to be represented by counsel, either one you retained for yourself or one appointed by the Court. You would have a right to remain silent. You would be entitled to a speedy and public trial by a jury of 12 or by the judge if a jury trial is waived. Before you can be found guilty, the government will be required to prove at trial by competent evidence and beyond a reasonable doubt the facts charged in the Superseding Bill of Information. At trial, the government would be required to confront [you] with witnesses upon whose testimony it relies to obtain a conviction and you would [have] the right to cross-examine those witnesses. At trial, you would be presumed innocent until such time, if ever, the government established your guilty [b]y competent evidence beyond a reasonable doubt. Before trial, you would be entitled to compulsory process to call witnesses. If you were tried by a jury, all 12 jurors must agree on guilt before you could be found guilty. If you're found guilty, you would [have] a right to appeal your conviction as well as your sentence. Do you understand that if [I] accept your guilty plea you would not be entitled to a trial and the government would not be required to prove you guilty?
**THE DEFENDANT:** Yes, sir.
**THE COURT:** Do you understand that if you plead guilty and I accept your guilty plea[,] you would be waiving and giving up your right to trial and all the other rights I just explained to you?
**THE DEFENDANT:** Yes, sir.
**THE COURT:** Do you fully understand that if I accept your guilty plea, there would be no further trial and I will simply enter a judgment of guilty and sentence you on the basis of your guilty plea?
**THE DEFENDANT:** Yes, sir.
**THE COURT:** Are you willing to waive and give up your right to trial by jury or judge?
**THE DEFENDANT:** Yes, sir.

Notwithstanding petitioner's allegations that counsel failed to inform him of the mandatory minimum sentence applicable to his case, it is clear that petitioner understood the minimum and maximum sentences that he faced as well as the rights he was waiving. Petitioner confirmed his understanding in a signed plea agreement and again in statements to the Court before the Court accepted his guilty plea. See Wilkes, 20 F.3d at 653 ("Solemn declarations in open court carry a strong presumption of verity."). Accordingly, even if his counsel failed to inform petitioner of the range of applicable sentences faced by petitioner if he pled guilty, as opposed to maintaining his not guilty plea, the record shows that petitioner's guilty plea was knowing and voluntary.

## II. Validity of Waiver

The record likewise demonstrates that petitioner knowingly and voluntarily agreed to waive his right to collateral review pursuant to 28 U.S.C. § 2255. Initially, the Court notes that petitioner does not contest the fact that he consented to the appellate and post-conviction waiver. Furthermore, petitioner signed a written plea agreement, acknowledging his agreement to waive his right "to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under . . . Title 28, United States Code, Section 2255."[31] The agreement set forth the limited grounds on which petitioner reserved his rights to review.[32] At petitioner's re-arraignment hearing, the Court explained the terms of the waiver and petitioner indicated his understanding and agreement with the terms, as follows:

> **THE COURT:** As part of your plea agreement you've waived your right to appeal your conviction and/or your sentence. You've further waived your right to contest your conviction and/or sentence in any collateral proceedings. You've reserved the right, however, to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

---

[31] R. Doc. No. 92, p. 2.
[32] Id.

>     You may also challenge your conviction or sentence if you can show you received ineffective assistance of counsel and the claimed ineffective assistance directly affected the validity of your plea or the waiver of appeal. A waiver of appeal in a plea agreement would also not be enforced to bar a direct appeal where the Superseding Bill of Information did not state an offense and/or where the factual basis for the pleas do not show the commission of an offense. Otherwise, you'd have no right to appeal your conviction or your sentence. Do you understand that?
>     **THE DEFENDANT:** Yes, sir.[33]

### III. Effect of Waiver

In light of petitioner's voluntary and knowing guilty plea and his knowing and voluntary waiver of his appellate and post-conviction rights, two of the claims that he asserts in this § 2255 motion are barred. Although petitioner alleges ineffective assistance of counsel, petitioner's claim that counsel failed to object to the conviction listed in Count 2 of the superseding bill of information[34] and petitioner's claim that counsel failed to preserve the record for appeal[35] relates only to sentencing. Accordingly, these claims do not survive the waiver of his right to contest his sentence in post-conviction proceedings.

Petitioner's claim that counsel was ineffective by failing to file a notice of appeal could, however, survive the waiver. See United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007)(holding that even where defendant has waived his right to direct appeal and collateral review, counsel's failure to file a notice of appeal, where petitioner requests counsel to do so, is *per se* ineffective assistance of counsel and that such a claim survives the waiver).

### IV. Failure to File a Notice of Appeal

"To prevail on a claim of ineffective assistance for failure to file notice of appeal, [petitioner] must show that the failure to file fell below an objective standard of reasonableness

---

[33] R. Doc. No. 174, p. 19.
[34] The Court notes that petitioner provides no basis for any objection by counsel.
[35] The Court also notes that petitioner fails to specifically advise what issues petitioner contends that counsel failed to preserve.

14

and that it prejudiced him." United States v. Wainwright, 237 Fed. App'x 913, 914 (5th Cir. 2007) (per curiam) (citing Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)). An attorney's failure to file a notice of appeal when requested is "professionally unreasonable." Id. However, if counsel advises defendant "about the advantages and disadvantages of taking an appeal[] and mak[es] a reasonable effort to discover the defendant's wishes . . . then counsel acts in a 'professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Roe, 528 U.S. at 477).

Petitioner's sole allegation with respect to counsel's ineffectiveness on appeal is that "counsel failed to file a timely Notice of Appeal."[36] "[I]t is well-settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." United States v. Guerra, 588 F.2d 519, 521 (5th Cir. 1979); see also United States v. Balderas, 56 F.3d 1386 (5th Cir. 1995)(per curiam); Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is required, however, where the claim is inadequate on its face")(internal quotations omitted); Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003)("Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing is not necessary when a § 2255 petition [] is inadequate on its face.")(internal citations and quotations omitted).

Nowhere in petitioner's application for relief does petitioner allege that counsel failed to discuss the possibility of appeal with petitioner, nor does he allege that counsel failed to file a notice of appeal despite petitioner's request that counsel do so. Accordingly, petitioner has not alleged the facts necessary to support his claim for ineffective assistance of counsel. Awarding

---

[36] R. Doc. No. 154, p. 16.

15

petitioner an evidentiary hearing in this matter would announce a standard wherein every defendant who alleged, without more, that counsel failed to file a notice of appeal would be entitled to an evidentiary hearing and appointed post-conviction counsel.[37] Because petitioner has not alleged the facts necessary to support his ineffective assistance of counsel claim, such claim will be denied.

## *CONCLUSION*

Accordingly, and for the reasons stated above,

**IT IS ORDERED** that petitioner's claims in his motion pursuant to § 2255 are **DENIED** and that such claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, May 5, 2010.

                                                **LANCE M. AFRICK**
                                     **UNITED STATES DISTRICT JUDGE**

---

[37] See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993) ("The provisions of [Rule 8] are mandatory and clear. If the court holds an evidentiary hearing, counsel must be appointed for an indigent defendant.").